FILED

IN THE UNITED STATES DISTRICT COURT
for the Eastern District of Virginia
(Alexandria Division)

2015 DEC 18  P 4: 08

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

Lonza Ltd., )
)
    Plaintiff, )
)
    v. )   Case Action No. _1:15CV1671_
)              LO/MSN
Lonsa, Inc. and )
Bin Guan, )
)
    Defendants. )
_____ )

## COMPLAINT

Plaintiff Lonza Ltd., by and through its attorneys, hereby alleges for its Complaint against corporate defendant Lonsa, Inc. and individual defendant Bin Guan (collectively "Defendants") as follows:

### PARTIES

1.    This case arises from Defendants' acts of federal trademark infringement, false designation of origin, cybersquatting, and unfair competition.

2.    Plaintiff Lonza Ltd. is a Switzerland corporation, with a principal place of business located at Lonzastrasse, Visp, Switzerland ("Lonza").

3.    Upon information and belief, defendant Lonsa, Inc. ("Lonsa") is a Virginia corporation with a principal place of business located at 800 E. Leigh Street, Suite 58, Richmond, Virginia 23219.

4.    Upon information and belief, defendant Bin Guan ("Defendant Guan") is an individual with an address of 39 Winslow Park Drive, Baltimore, Maryland 21228.

1

## JURISDICTION AND VENUE

5.      This action arises under the trademark laws of the United States, 15 U.S.C. § 1051 et seq.  Federal question jurisdiction is conferred pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, and 1338.

6.      Supplemental jurisdiction is conferred pursuant to 28 U.S.C. § 1367(a) because Plaintiff's state law and common law claims are so related to federal claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the Constitution of the United States.

7.      This Court has personal jurisdiction over Defendants because Defendants transact business in Virginia, contract to supply goods or services within Virginia, engage in a persistent course of conduct in Virginia, and expect, or should reasonably expect, their acts to have legal consequences in Virginia.

8.      Venue is proper in the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C. § 1391 in that a substantial part of the events giving rise to the claims occurred in this District, a substantial part of the property that is the subject of this action is situated in this District, and Defendant expects, or reasonably should expect, its acts to have legal consequences in this District.

## PLAINTIFF'S VALUABLE RIGHTS

9.      Founded in 1897, Lonza is one of the world's leading developers and manufacturers of specialty chemicals, biologics and other ingredients for use in the pharmaceutical, biotechnology and agrochemical industries.

10.     Headquartered in Switzerland, Lonza operates worldwide with offices in approximately 30 countries, including multiple locations throughout the United States.

2

11.     Since at least as early as 1908, and long prior to any acts of Defendants complained of herein, Lonza has continuously used the LONZA® mark in commerce throughout the United States on or in connection with its various products and services.

12.     Lonza is the owner of federal U.S. Trademark Registration No. 956,300, registered in the United States Patent and Trademark Office ("USPTO") for the mark LONZA for use with pharmaceutical and medicinal preparations and antiseptics for human and veterinary use, inorganic compounds, and various other substances, oils and chemical goods used in industry. A copy of this registration is attached as Exhibit A. This federal registration is valid, subsisting and incontestable.

13.     Lonza is also the owner of federal U.S. Trademark Registration No. 4.483,125 registered in the USPTO for the mark LONZA for use with an array of goods and services in connection with science and pharmaceuticals, including by way of illustration, pharmaceutical drug development services; pharmaceutical research and development; scientific laboratory services; scientific and technological services, namely, biological research and analysis; research and research services in the field of the transfer of biological molecules into living cells, integration of foreign nucleic acids into the genome of living cells and transient expression of proteins; scientific research services for others in the field of biochemistry; design and development of computer hardware and software; development and research of new products for others; product development for others; product development consultation; product research and development; information technology consulting services; computer software consulting; and consulting services in the fields of selection, implementation and use of computer hardware and software systems for others. A copy of this registration is attached as Exhibit B. This federal registration is valid and subsisting.

14. Lonza is also the owner of federal U.S. Trademark Registration No. and 4,639,815 registered in the USPTO for the mark LONZA (Stylized) for use with an array of goods in connection with science and pharmaceuticals, including by way of illustration, antimicrobial preservatives for cosmetics and pharmaceuticals; pharmaceutical and veterinary preparations for the treatment of genetic malfunction in gene therapy, viral and infectious diseases, cardiovascular diseases, lung diseases, neurological diseases, and cancer; and sanitary preparations for medical purposes. A copy of this registration is attached as Exhibit C. This federal registration is valid, subsisting and incontestable.

15. Beginning as early as 1998, Lonza began to operate a website located at <www.lonza.com>. Attached as Exhibit D is a copy of pages from Plaintiff's website reflecting use of the LONZA® mark.

16. As a result of Lonza's long-time, continuous and exclusive advertising under the LONZA® mark, the LONZA® mark has come to serve as a unique source identifier for goods and services emanating from Plaintiff.

## DEFENDANTS' INFRINGING ACTS

17. Notwithstanding Plaintiff's well-established prior federal and common law rights in the LONZA® mark, Defendant Lonsa adopted and uses the marks LONSA and LONSA SCIENCE (also referred to herein as the "Infringing Marks") in conjunction with the sale of various forms of animal and human cell culture serum. Upon information and belief, Defendant Lonsa purports to offer goods and services in connection with the Infringing Marks in competition with Plaintiff.

18. On or around October 22, 2012, Defendant Guan registered the domain name <lonsascience.com>. A copy of the Whois lookup information for the domain name registration is attached as Exhibit E.

4

19.     Beginning in late 2015, Lonsa began to operate a website located at <www.lonsascience.com>.  A copy of pages from Defendant's website reflecting current use of the Infringing Marks is attached as Exhibit F.

20.     Defendant's adoption and use of the Infringing Marks has caused and is likely to cause confusion, mistake or deception as to source, association, affiliation or sponsorship of its goods and services.  Specifically, customers in the United States who encounter Defendant's goods and services are likely to believe mistakenly that such goods and services emanate from, related to or are otherwise authorized, sponsored or endorsed by Plaintiff.

21.     All such conduct by Defendants was and continues to be in bad faith, willful, deliberate and in knowing violation of the law.

22.     Upon information and belief, Defendants will continue their tortious acts unless restrained by this Court.

**COUNT I**
**INFRINGEMENT OF A FEDERALLY REGISTERED MARK**
**(DEFENDANT LONSA)**

23.     The allegations of paragraphs 1 through 22 are incorporated herein by reference as though fully set forth herein.

24.     This cause of action arises under the trademark laws of the United States, 15 U.S.C. § 1114.

25.     Defendant's use of the Infringing Marks in connection with its goods and services constitutes infringement of Lonza's federally registered trademarks, Registration Nos. 956,300, 4,483,125 and 4,639,815, all in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

26. Defendant adopted and uses the Infringing Marks in a willful attempt to copy Plaintiff's LONZA® mark and to trade on and injure the valuable good will and business reputation associated with the LONZA® mark.

27. Defendant's deliberate acts of federal trademark infringement have caused great injury and damage to Lonza and Lonza's goodwill, which injury and damage cannot be quantified adequately at this time.

28. As a result, Lonza has suffered and continues to suffer irreparable injury, for which it has have no adequate remedy at law.

**COUNT II**
**FEDERAL UNFAIR COMPETITION**
**AND FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT**
**(DEFENDANT LONSA)**

29. The allegations of paragraphs 1 through 28 are incorporated herein by reference as though fully set forth herein.

30. This cause of action arises under the trademark laws of the United States, 15 U.S.C. § 1125(a).

31. Defendant has adopted and is now using colorable imitations of Plaintiff's LONZA® mark for goods and services that are substantially similar, if not identical, to those offered by Lonza.

32. Defendant's use of colorable imitations of Plaintiff's mark in connection with Defendant's directly competing goods and services has caused and will cause customers and potential customers mistakenly to attribute the properties and reputation of Plaintiff's goods and services to those of the Defendant.

33. Plaintiff has no control over the quality of goods and services that are advertised, offered and sold by Defendant under the Infringing Marks, with the result that Plaintiff's

valuable reputation and good will with respect to its LONZA® mark will be injured irreparably by the acts of Defendant complained of herein.

34.     Defendant's use of the Infringing Marks in connection with its goods and services constitutes false designation of origin and unfair competition, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

35.     Defendant's deliberate acts of false designation of origin and unfair competition have caused great injury and damage to Lonza and Lonza's goodwill, which injury and damage cannot be quantified adequately at this time.

36.     As a result, Lonza has suffered and continues to suffer irreparable injury, for which it has have no adequate remedy at law.

**COUNT III**
**VIOLATION OF THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT**
**(ALL DEFENDANTS)**

37.     The allegations of paragraphs 1 through 36 are incorporated as if fully alleged herein.

38.     The <lonsascience.com> domain name is confusingly similar to Plaintiff's LONZA® mark because, *inter alia*, the terms lonsa and lonza are confusingly similar in sound, sign and meaning.  Moreover, the term "science," as used in the domain name, is merely a generic term to describe the various animal and human cell culture serum sold by Defendants. As such, the term "science" does nothing to distinguish the <lonsascience.com> domain name from Plaintiff's well known LONZA® mark and its related domain name <lonza.com>.

39.     Upon information and belief, the LONZA® mark was registered with the USPTO and was entitled to full protection under the Lanham Act at the time Defendant Guan registered and/or began using the <lonsascience.com> domain name.

7

40.     Neither Defendant has rights in the Lonsa Science mark, or in any similar marks, logos, or source indicia, that predate Plaintiff's first use in commerce of the LONZA® mark.

41.     Upon information and belief, neither Defendant was known as or doing business as Lonsa prior to the registration of the <lonsascience.com> domain name.

42.     Upon information and belief, Defendant Guan registered the <lonsascience.com> domain name with a bad faith intent to profit thereby.

43.     Upon information and belief, Defendants have used and are using the <lonsascience.com> domain name with a bad faith intent to profit thereby.

44.     Defendants' bad faith is evidenced, inter alia, by: registration of a domain name that incorporates the term LONSA that is confusingly similar to Plaintiff's own LONZA® mark; Defendants' actual and constructive notice of Plaintiff's continuous and exclusive use of the LONZA® mark in connection with specialty chemicals, biologicals and other ingredients for use in the pharmaceutical, biotechnology and agrochemical industries; and Defendant Lonsa's refusal to cease and desist using the <lonsascience.com> domain name despite Plaintiff's demand that it to do so.

45.     Defendants' unlawful conduct constitutes cybersquatting in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

46.     Defendants' deliberate acts of cybersquatting have caused great injury and damage to Lonza and Lonza's goodwill, which injury and damage cannot be quantified adequately at this time.

47.     As a result, Lonza has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

## COUNT IV
## UNFAIR COMPETITION
## (DEFENDANT LONSA)

48.     The allegations of paragraphs 1 through 47 are incorporated herein by reference as though fully set forth herein.

49.     This cause of action arises under the common law.

50.     Defendant's aforementioned conduct constitutes unfair competition pursuant to the laws of the Commonwealth of Virginia.

51.     Defendant's acts of unfair competition are likely to cause and/or have caused confusion, mistake and/or deception among consumers, potential consumers, the trade or the public.

52.     Defendant's deliberate acts of unfair competition have caused great injury and damage to Lonza and Lonza's goodwill, which injury and damage cannot be quantified adequately at this time.

53.     As a result, Lonza has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests relief from the Court as follows:

1.     That each Defendant, its agents, officers, sales representatives, servants, employees, associates, attorneys, successors and assigns, and any and all persons or entities acting by, through, under or in active concert or in participation with any or all of them, be enjoined preliminarily and permanently by Order of this Court from doing, abiding, causing or abetting any of the following:

(a)     directly or indirectly infringing Plaintiff's LONZA® mark;

9

(b)     from passing off, inducing or enabling others to sell or pass off, any of Defendant's goods or services as originating from Plaintiff, or sponsored, approved, or authorized by Plaintiff;

(c)     using the infringing domain name, <lonsascience.com>;

(d)     directly or indirectly engaging in any acts or activities calculated to trade upon Plaintiff's LONZA® mark, and/or the reputation or good will of Plaintiff, or in any manner to compete with Plaintiff unfairly;

(e)     using the LONSA and LONSA SCIENCE marks in the sale, offer for sale, promotion, advertising, marketing and/or distribution of Defendant's goods or services, or any mark which is a variant of, simulates, is a colorable imitation of, or imitates Plaintiff's LONZA® mark, in a manner that is likely to deceive, falsely describe or misrepresent the source of Defendant's goods or services and thereby create confusion among the purchasing public or the trade;

(f)     further violating Plaintiff's property rights and good will; and,

(g)     from otherwise competing unfairly with Plaintiff in any manner whatsoever;

2.     That Defendant Lonsa be required to modify its promotional materials, apparel, advertisements, signage, menus, packaging, labeling and other communications to the public in the possession or under its control bearing thereon any material or representations to remove the infringing LONSA and LONSA SCIENCE marks;

3.     That Defendant Lonsa take all necessary and appropriate steps to recall for destruction all advertising and other materials, including but not limited to signage, menus, advertising and promotion bearing Defendant's infringing LONSA and LONSA SCIENCE or any colorable imitation of Plaintiff's LONZA® mark, and that Defendant be required to remove

such infringing marks from its website, promotional materials, advertisements and other writings;

4.     That Defendant Guan be required to transfer immediately to Plaintiff the infringing domain name, <lonsascience.com>.

5.     That Plaintiff be awarded its actual damages and/or a disgorgement of Defendant's profits, direct and indirect, for Defendant's infringements in an amount to be determined at trial, to be increased to the maximum permitted by law;

6.     That the Court award statutory damages to Plaintiff pursuant to 15 U.S.C. § 1117 (a), (b) and (d).

7.     That the award of Plaintiff's damages and/or Defendants' profits be trebled as a result of Defendants' willful and deliberate infringement of Plaintiffs' rights;

8.     That the Court finds this case to be exceptional;

9.     That the Court award Plaintiff its costs, including attorneys' fees, and an assessment of interest;

10.    That the Court award damages to Plaintiff on the common law cause of action;

11.    That Defendants be directed to file with this Court and to serve on Plaintiff's counsel within ten (10) days after issuance of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction; and

12.    That Plaintiff be awarded such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

DATE: December 18, 2015

BLANK ROME LLP

Adrien Pickard, Esq. (VSB #68533)
APickard@BlankRome.com
BLANK ROME LLP
Watergate
600 New Hampshire Ave, NW
Washington, DC 20037
Tel:    (202) 772-5845
Fax:    (202) 772-5858

*Attorney for Plaintiff Lonza Ltd.*

Timothy D. Pecsenye, Esq.
(*Pro Hac Vice* Forthcoming)
Pecsenye@BlankRome.com
Dennis P. McCooe, Esq.
(*Pro Hac Vice* Forthcoming)
McCooe@BlankRome.com
Blank Rome LLP
One Logan Square
Philadelphia, PA 19103
Tel:    (215) 569-5619
Fax:    (215) 832-5619

*Of Counsel to Plaintiff
Lonza Ltd.*